IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| GEOFFREY RIDGEWAY and )<br>A.P., a minor, )<br>On Behalf of Themselves and Others )<br>Similarly Situated, )<br>)<br>     Plaintiffs, )<br>v. )<br>)<br>PLANET PIZZA 2016, INC.,  RAVINDER )<br>S. THIARA, and JOHN ROGAN )<br>)<br>     Defendants. )<br>_____ ) | Civil Action No.:__3:17-cv-03064-CMC___ |

## COMPLAINT

Plaintiffs Geoffrey Ridgeway and A.P., a minor,  individually and on behalf of all others similarly situated, by counsel, allege the following claims against the Defendants Planet Pizza 2016, Inc. ("Planet Pizza"), Ravinder S. Thiara, and John Rogan pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, et seq. and the South Carolina Payment of Wages Act ("SCPWA"), S.C. Code Ann. §41-10-10, et seq.

### NATURE OF CLAIMS

1.      This is an action for violations of the minimum wage and unpaid overtime provisions of the FLSA, and the payment of wages provisions of the SCPWA.  Plaintiffs are former employees of the Defendants and worked at the Defendants' Planet Pizza Buffet located in Columbia, South Carolina.  The Plaintiffs bring this action as a collective action pursuant to 29 U.S.C. §216(b), and a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Plaintiffs and other similarly situated employees of the Defendants worked in a variety of positions for the Defendants, including manager, assistant manager, server,

dishwasher, cook, maintenance, cashier, and hostess. Defendants engaged in a variety of common wage theft practices toward the Plaintiffs and other employees that violated their rights under both the FLSA and the SCPWA, including taking improper tip credits, taking portions of the employees' tips, failing to pay them wages as promised, failing to pay them wages when due, failing to pay a minimum wage, and failing to pay overtime compensation.

2.      Plaintiffs bring claims under the FLSA as a collective action pursuant to 29 U.S.C. §216(b) on behalf of themselves and other similarly situated employees who suffered damages as a result of Defendants' common practices that violated the FLSA.

3.      Plaintiffs bring claims under the SCPWA as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and other similarly situated employees who suffered damages as a result of Defendants' common practices that violated the SCPWA.

<u>JURISDICTION AND VENUE</u>

4.      This Court has jurisdiction over this matter pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §§1331, 1367, 2201 and 2202.

5.      Venue is proper in this District pursuant to 28 U.S.C. §1391(b), as the Defendants are residents of Richland County and Lexington County, South Carolina

6.      Each of the Defendants is subject to personal jurisdiction in the State of South Carolina, in that: (a) Planet Pizza is organized under the laws of South Carolina, does business in South Carolina, maintains its principal place of business in South Carolina, contracts to supply services of things in South Carolina, and has an interest in real property in South Carolina. S.C. Code Ann. §§ 36-2-802, 36-2-803; (b) Rogan and Thiara are residents and citizens of Lexington County, South Carolina.

PARTIES

7.      Plaintiff Geoffrey Ridgeway is over the age of nineteen and is a resident of Richland County, South Carolina.  Mr. Ridgeway worked for Defendants under the title Manager from approximately June 1, 2017 until August 1, 2017.

8.      Plaintiff A.P. is a minor.  Plaintiff  A.P. worked for Defendants as worker preparing the restaurant for opening and as a server from approximately June 24, 2017 until July 4, 2014.

9.      Defendant Planet Pizza 2016, Inc. is a for profit corporation organized and existing under the laws of South Carolina with a principal place of business located at 7535-E Garners Ferry Road, Columbia, South Carolina.

10.      On information and belief, Defendant Ravinder S. Thiara is a citizen and resident of Lexington County, South Carolina and works in Richland County, South Carolina.  At all times relevant herein, Defendant Ravinder S. Thiara owned and operated Defendant Planet Pizza, and acted directly and/or indirectly in the interest of Defendant Planet Pizza in relation to the Plaintiffs and similarly situated employees.

11.      On information and belief, Defendant John Rogan is a citizen and resident of Lexington County, South Carolina and works in Richland County, South Carolina.  At all times relevant herein, Defendant Rogan owned and operated Defendant Planet Pizza, and acted directly and/or indirectly in the interest of Defendant Planet Pizza in relation to the Plaintiffs and similarly situated employees.

## FACTS AND ALLEGATIONS

12.     At all times relevant herein, Defendant Planet Pizza owned and operated the Planet Pizza Buffet located at 7535-E Garners Ferry Road, Columbia, South Carolina.

13.     At all times relevant herein, Defendants Thiara and Rogan acted on behalf of Defendant Planet Pizza, and exercised the authority to hire and fire employees, determine employees' work schedules, set employees' pay rates, and control the finances and operation of Defendant Planet Pizza, Inc.

14.     Plaintiffs and other similarly situated employees worked at the Planet Pizza Buffet for the Defendants in a variety of positions, including manager, assistant manager, server, dishwasher, cook, maintenance, cashier, and hostess.

15.     Defendants agreed to pay Plaintiffs and similarly situated employees an hourly rate for all hours worked.  Defendants' agreement with Plaintiff Ridgeway required Defendants to compensate him at an hourly rate of $10.00 for all hours worked.  Defendants' agreement with Plaintiff A.P.  required Defendants to compensate her at an hourly rate of $7.25 for all hours worked.  Defendants regularly failed to pay Plaintiffs, either in whole or in part, for the time that they worked, and occasionally paid them a portion of their wages owed by taking cash straight from a cash register.

16.     Defendants also failed to compensate similarly situated employees their wages owed under a variety of reasons.  For instance, Defendants initially refused to compensate their employees by claiming they were "broke."  Then they refused to compensate their employees for their time worked until after a Point-of-Sale system was installed and operational, which did not occur until more than one month after Plaintiff Ridgeway and other similarly situated employees began employment.

17.     After the Pizza Planet Buffet became operational, Defendants attempted to compensate Plaintiff A.P. and other similarly situated employees using a tip credit of $5.12 per hour toward their minimum wage obligation of $7.25 per hour.  Defendants attempted to apply this tip credit toward non-tipped employees, including maintenance employees, hostesses and cashiers.  Defendants also kept customer tips made by credit card for the company and did not distribute them to employees.  Many of the employees to whom the Defendants applied the tip credit did not receive sufficient tips so that the tip credit applied either in full or in part. Defendants never provided notice to the employees that they were applying the tip credit toward their minimum wage obligations pursuant to the FLSA's tip credit provisions.

18.     Plaintiffs and other employees regularly complained to Defendants regarding the Defendants' failure to pay them wages when due.

19.     Plaintiffs and similarly situated employees regularly worked more than forty (40) hours in a workweek without receiving overtime compensation.

20.     Plaintiffs and similarly situated employees were not exempt from the minimum wage and overtime compensation provisions of the FLSA.

FOR A FIRST CAUSE OF ACTION
Failure to Pay Minimum Wages, 29 U.S.C. §205.
(Individual and Collective Action)

21.     Plaintiffs, on behalf of themselves and other similarly situated employees, re-allege and incorporate by reference all preceding paragraphs as if specifically set forth herein.

22.     The FLSA mandates that employers compensate non-exempt employees at a minimum hourly rate of $7.25.

23.    Pursuant to 29 U.S.C. §203(m), an employer may apply a credit, up to a maximum amount of $5.12 per hour, from tips received by a tipped employee toward the employer's minimum wage obligation.

24.    Defendants failed to pay Plaintiffs and similarly situated employees the minimum wage obligation of $7.25 per hour through a variety of practices, including:

    a.    Failing to pay employees an amount sufficient to meet Defendants' minimum wage obligation;

    b.    Applying a tip credit of $5.12 per hour when employees did not receive tips sufficient to cover that amount;

    c.    Applying a tip credit to non-tipped employees;

    d.    Applying a tip credit after retaining employees' tips; and

    e.    Applying a tip credit to employees without providing notice of the FLSA's requirements for a valid tip credit.

25.    At all times relevant herein, Defendants were engaged in interstate commerce within the meaning of 29 U.S.C. §§203(r) and (s).

26.    At all times relevant herein, each of the Defendants was an employer within the meaning of 29 U.S.C. §203.

27.    At all times relevant herein, Plaintiffs and similarly situated employees were engaged in interstate commerce.

28.    Defendants violations of the FLSA were willful.

29.    As a result of Defendants' violations of the minimum wage provisions of the FLSA, Plaintiffs and similarly situated employees are entitled to recover their damages caused

by the violations, liquidated damages in an equal amount, and their attorneys' fees and costs incurred in bringing this action.

FOR A SECOND CAUSE OF ACTION
Unpaid Overtime Compensation, 29 U.S.C. §207
(Individual and Collective Action)

30.    Plaintiffs, on behalf of themselves and other similarly situated employees, re-allege and incorporate by reference all preceding paragraphs as if specifically set forth herein.

31.    Plaintiffs and similarly situated employees worked more than forty (40) hours in a workweek during their employment with Defendants.

32.    Defendants failed to pay Plaintiffs and similarly situated employees at the rate of one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek as required by 29 U.S.C. §207(a).

33.    Defendants also failed to pay Plaintiffs and similarly situated employees for all compensable time for which Plaintiffs performed work for the benefit of Defendants.

34.    Defendants violations of the FLSA were willful.

35.    Plaintiffs and similarly situated employees are entitled to recover unpaid overtime compensation at the rate of one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek pursuant to 29 U.S.C. §216.

36.    Plaintiffs and similarly situated employees are entitled to recover back pay, at either their regular rate of pay or their overtime rate of pay, as compensation for all compensable time for which they worked on behalf of Defendants but Defendants wrongfully excluded.

37.    In addition to unpaid overtime compensation and back wages, Plaintiffs and similarly situated employees are entitled to recover liquidated damages in an equal amount, and their attorneys' fees and costs incurred in bringing this action.

FOR A THIRD CAUSE OF ACTION
Failure to Pay Wages, S.C. Code Ann. §41-10-10, et seq.
(Individual and Class Action)

38.     Plaintiffs, on behalf of themselves and other similarly situated employees, re-allege and incorporate by reference all preceding paragraphs as if specifically set forth herein.

39.     Each of the Defendants is an "employer" as that term is defined by the SCPWA, S.C. Code Ann. §40-10-10(1).

40.     Defendants employed Plaintiffs and similarly situated employees within the State of South Carolina.

41.     Defendants owe Plaintiffs and similarly situated employees "wages" within the meaning of S.C. Code Ann. §40-10-10(2).

42.     Defendants have failed to pay Plaintiffs and similarly situated employees all wages due, as required by S.C. Code Ann. §§40-10-40 and 40-10-50.

43.     Defendants' failure to pay Plaintiffs all wages due is willful, unreasonable, without justification, and/or in violation of the duty of good faith and fair dealing.

44.     Pursuant to S.C. Code Ann. §40-10-80(c), Plaintiffs and similarly situated employees are entitled to recover an amount equal to three times the full amount of their unpaid wages or wrongfully deducted wages, plus their costs and attorneys' fees in bringing this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Ridgeway and A.P., individually and on behalf of similarly situated employees who join this action, demand:

a.      Certification of this action as a collective action pursuant to 29 U.S.C. §216(b);

b.      Judgment against Defendants in an amount equal to Plaintiffs' unpaid minimum wages at the applicable hourly rate of $7.25;

c.      Judgment against Defendants for Plaintiffs' unpaid overtime compensation at the rate of one-and-one-half their regular rate of pay;

d.      Judgment against Defendants for the amount of unlawfully retained tips;

e.      Liquidated damages in an amount equal to Plaintiffs' unpaid minimum wages and unpaid overtime compensation;

f.      Judgment against Defendants in an amount equal to three times Plaintiffs' unpaid wages;

g.      Plaintiffs' attorneys' fees and costs; and

h.      All such further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiffs Ridgeway and A.P. on behalf of themselves and similarly situated employees demand a trial by jury.

Respectfully submitted,

s/ Blaney A. Coskrey, III
Blaney A. Coskrey, III (Fed. ID No. 05421)
Coskrey Law Office
1201 Main Street
Suite 1980
Columbia, South Carolina 29201
(803) 748-1202 Phone
(803) 748-1302 Fax
Email: coskreylaw@sc.rr.com

s/ William C. Tucker                              .
William C. Tucker (Fed. ID No. 06187)
Tucker Law Firm, PLC
690 Berkmar Circle
Charlottesville, Virginia 22901
(434) 978-0100 Phone
(434) 978-0101 Fax
Email: bill.tucker@tuckerlawplc.com

ATTORNEYS FOR PLAINTIFFS

November 10, 2017