IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| GEOFFREY RIDGEWAY and A.P., a minor, On Behalf of Themselves and Other Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PLANET PIZZA 2016, INC., RAVINDER S. THIARA, and JOHN ROGAN,<br><br>Defendants. | C/A No.: 3:17-cv-03064-CMC |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO
PLAINTIFFS'MOTION FOR CONDITIONAL CLASS CERTIFICATION**

Defendants, Planet Pizza 2016, Inc., Ravinder S. Thiara, and John Rogan, by and through their undersigned attorneys, hereby respond in opposition to Plaintiffs' Motion for Conditional Class Certification. The motion should be denied for the reasons that follow:

**I.     INTRODUCTION**

This is a putative collective action instituted by prior employees of Planet Pizza 2016, Inc. seeking overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. [Dkt. 20, pp. 1-2; Dkt. 20-2]. The named Plaintiffs contend that their claims are typical of the claims of, and that they are similarly situated to, current and former employees who are or have been employed by Defendants during the three years immediately preceding the filing of this lawsuit. [Dkt. 20, p. 1]. Plaintiffs have broadly framed themselves and the group of putative opt-ins they seek to represent as "former employees of the Defendants, [that] are 'similarly situated' in that they were all victims of a common policy or plan that violated the overtime compensation

1

and minimum wage provisions of the FLSA." [Dkt. 20, p. 2].[1] Plaintiffs fail to further articulate their opt-in definition outside of this formulaic resuscitation of the standard under which their motion is governed by.[2]

Plaintiffs now move the Court for conditional certification of this matter as a collective action under § 216(b) of the FLSA on behalf of current and former employees "seeking to recover unpaid overtime compensation." [Dkt. 20-2].

To properly oppose Plaintiffs' motion, Defendants need specific, limited discovery on the certification issues. Specifically, Defendants motion, memorandum, and *proposed* Notice provide conflicting allegations on the scope of the "class" – that is, does it include those seeking to recover unpaid overtime compensation and/or unpaid wages.[3] [Dkt. 20; Dkt. 20-2].

Alternatively, this Court should deny Plaintiffs' motion for conditional certification. While the standard for conditional certification under § 216(b) is lenient, it is neither automatic nor appropriate in every case. This case presents a set of circumstances antithetical to those for which collective action treatment was created. Plaintiffs have not met their burden of establishing they are similarly situated to "all former and current employees of Defendant" as alleged. To the contrary, Plaintiffs merely allege in a conclusory manner that "the Plaintiffs are former employees of Defendants, and are 'similarly situated' in that they were all victims of a common policy or plan that violated the overtime compensation and minimum wage provisions of the FLSA." [Dkt. 20,

---

[1] As discussed herein, Plaintiffs *Proposed* Notice is only directed towards those "seeking to recover unpaid overtime compensation." [Dkt. 20-2].
[2] Plaintiffs motion erroneously requests authorization to proceed as a collective action for "all current and former Mechanics." [Dkt. 20, p. 3].
[3] Neither § 216(b) of the FLSA nor any other provision of the statute employ the term "class," as used by Plaintiffs in their pleadings. The procedures and standard for certification under the FLSA are distinct from those prescribed in Rule 23 of the Federal Rules of Civil Procedure pertaining to true "class" actions. *See* 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23.

p. 2]. Plaintiffs ignore their own secondary arguments as well as the *proposed* Notice, which only addresses unpaid overtime wages; as such, any employees who did not work more than forty hours in a workweek would not be similarly situated to Plaintiffs conditional "class." Additionally, in the event either Plaintiff did not work more than forty hours in a workweek, he could not properly represent those employees who may choose to opt-in to this proceeding if it is conditionally certified because they would not be similarly situated.[4] The Court should deny Plaintiffs' motion and dismiss this lawsuit, requiring Plaintiffs to refile their claims individually to the extent they wish to pursue them in that fashion.

## II.     FACTUAL BACKGROUND

Plaintiffs filed this action on or about November 10, 2017, in the United States District Court – District of South Carolina. The two named Plaintiffs are former employees who worked for Defendant Planet Pizza 2016, Inc. in Columbia, South Carolina in or around June 2017 through August 2017. In pertinent part, Plaintiffs' Complaint alleges two causes of action against Defendants: (1) Failure to Pay Minimum Wages, 29 U.S.C. § 205; and (2) Unpaid Overtime Compensation, 29 U.S.C. § 207.[5] [Dkt. 1]. Defendants Answer the Complaint on January 8, 2018. [Dkt. 11]. On March 9, 2018, Plaintiffs filed their Motion for Conditional Class Certification. [Dkt. 20].

## III.     ARGUMENT

### A. Defendants are entitled to conduct limited pre-certification discovery.

First and foremost, the Court should stay its consideration of Plaintiffs' instant motion. Based upon Plaintiffs' inconsistencies in its motion, memorandum, and *proposed* Notice,

---

[4] No supporting affidavit was provided by Plaintiff, A.P.
[5] Plaintiffs' Complaint alleges a third cause of action for: Failure to Pay Wages, S.C. Code Ann. § 41-10-10, *et seq*.

3

Defendant should be given the opportunity to take specific, limited pre-certification discovery, including depositions of the named Plaintiffs, to test their assertion that the proposed collective action members are "similarly situated." The allegations pled by the named Plaintiffs in the Complaint, as compared to the arguments set forth in the instant motion and associated *proposed* Notice, raise significant questions as to the scope of the claims, and as to whether they are "similarly situated" to putative opt-ins. Furthermore, it is appropriate for Defendants to have reasonable notice as to whether Plaintiffs – and prospective collective action members – are similarly situated based upon unpaid overtime compensation, unpaid wages, or both.

### B. Plaintiffs bear the burden of establishing they are similarly situated to the putative collective action group.

A FLSA collective action differs from a class action under Rule 23, FRCP, as a collective action utilizes an "opt-in" requirement. *Degidio v. Crazy Horse Saloon and Restaurant, Inc.*, 880 F.3d 135, 143 (4th Cir. 2018). Section 216(b) of the FLSA permits a collective action only if plaintiffs can show that members of the proposed collective action group are "similarly situated." 29 U.S.C. § 216(b). "Similarly Situated" is not defined in the FLSA, nor has the U.S. Department of Labor, which enforces the FLSA, issued any regulatory guidance on the meaning of the term. Notwithstanding, Plaintiffs bear the burden of establishing that they and each of the proposed collective action members are similarly situated. *Purdham v. Fairfax Cty. Public Schools*, 629 F.Supp.2d 544, 548 (E.D. Va. 2009) (citations omitted). The plaintiff's burden is not onerous, but it is also not invisible. *Id.*

"Courts generally follow a two-stage approach when deciding whether the names plaintiffs in a FLSA action are 'similarly situated' to other potential plaintiffs." *Id.* (citations omitted). The first stage is the notice stage; at this stage, the plaintiffs burden to show the existence of a putative class of similarly situated persons is relatively light. *Id.* "While the Fourth Circuit has not settled

4

on a test for conditional certification in a[] FLSA action…. [o]ne case in this district described the plaintiff's burden at the initial stage as relatively lenient, requiring only 'a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law. *Id.* (citing *Choimbol v. Fairfield Resorts, Inc.*, 475 F.Supp.2d 557, 563 (E.D. Va. 2006). "Another specifically required the plaintiffs to show some evidence that other potential plaintiffs were similarly situated – '[m]ere allegations will not suffice; some factual evidence is necessary.'" *Id.* (citing *Bernard v. Household Int'l, Inc.*, 231 F.Supp.2d 433, 435 (E.D. Va. 2002).

In *Housden*, a Texas District Court opined that affidavits containing only "conclusory allegations" are not sufficient to meet this initial burden. *H&R Block, Ltd. v. Housden*, 186 F.R.D. 399, 400 (E.D. Texas 1999). Correspondingly, "unsupported assertions of wide-spread FLSA violations, such as the ones made here, [do] not satisfy the movant's § 216(b) burden." *Id.* (citing *Haynes v. Singer Co.*, 696 F.2d 884 (11th Cir. 1983)). Other courts have looked to whether plaintiffs have obtained and submitted affidavits of its potential class members; whether plaintiffs have obtained and submitted consent forms of potential class members; and whether plaintiffs have submitted specific evidence of a widespread unlawful plan on the part of the employer. *See, e.g.*, *England v. New Century Financial Corp*, 370 F.Supp.2d 504, 506 (M.D. La. 2005); *H&R Block*, 186 F.R.D. at 400. When plaintiffs have failed to come forward with substantive allegations, courts have not hesitated to deny motions to conditionally certify FLSA actions. That same result is warranted here, where Plaintiffs' have come forward with virtually no specific allegations, much less substantive allegations, required for conditional certification.

In the instant matter, Plaintiffs have done nothing more than set forth conclusory allegations, that mirror the standard their motion is guided by: that "similarly situated" individuals

5

exist and that conditional class certification is appropriate. To wit, Plaintiffs sole argument provides that "all current and former employees are similarly situated to plaintiffs, and that Defendants utilized a common policy or plan that violated the FLSA." [Dkt. 20-1, pp. 4-9]. Plaintiffs have failed to set forth any evidence in support of such bald assertions. These mere allegations are what the Courts in *Purdham, Housden,* and *England* specifically cautioned against.

Plaintiffs sole evidence lies in the self-serving affidavit of Geoffrey Ridgeway. Only by way of his affidavit do the Plaintiffs submit 'evidence' of purported putative collective action members and/or a violative common policy or plan. [Dkt. 20-3]. Plaintiffs fail to submit any affidavits from any putative members and rely solely upon Ridgeway's assertion that other putative members exist. Moreover, Plaintiffs have further failed to show that any putative collective actions members are similarly situated. No evidence has been provided to establish similarity regarding the positions held or hours worked, including, but not limited to, overtime hours worked, if any. Rather, Plaintiffs only assume that all employees worked more than 40 hours in a workweek, such that they could be similarly situated. To the extent employees did not work in excess of 40 hours of week, they would not be "similarly situated" as a matter of course. Even more, Plaintiffs conclusory position ignores employee classification as well as potential exempt v. non-exempt status issues. Individuals are not similarly situated simply "because they were all victims of the Defendants' common policy and practice of failing to pay overtime compensation…" [Dkt. 20-1, p. 7].

Plaintiffs further failed to submit evidence of the purported policy and practice. Plaintiffs sole evidence of this purported policy and practice lies in the affidavit of Ridgeway. This complete lack of corroboration that such policy exists – either by affidavit or supporting documentation – is a far cry from even the lenient burden placed upon Plaintiffs at this stage.

Ultimately, Plaintiffs have submitted no evidence outside of the sworn statement of one named Plaintiff that either putative collective action members and/or a common policy or plan exist[s].

### C. Plaintiffs' *proposed* Notice is defective.

Plaintiffs attached as Exhibit 1 to their motion a *proposed* "Important Notice About Your Right to Join a Lawsuit." [Dkt. 20-2]. Because certification, even conditionally, is not appropriate, the Court should deny any request to send out this notice. Assuming *arguendo* the case could be certified, the *proposed* Notice is defective and objectionable. Specifically, Plaintiffs' *proposed* Notice seeks to establish a ninety (90) day window within which to join this lawsuit. [Dkt. 20.2, p. 3]. This proposed opt-in period is too long and at a minimum should be reduced.

## IV. CONCLUSION

Judicial efficiency is one of the key purposes of the collective action, and Plaintiffs' proposed method for certification is anything but efficient. *Purdham*, 629 F.Supp.2d at 549. Not only is there a lack of evidence supporting the existence of putative members who are similarly situated, but the pleadings filed by Plaintiffs are inherently inconsistent with the *proposed* Notice to be disseminated.

While the burden is light, Plaintiffs have not carried out their burden of demonstrating that a collective action should be certified under any standard that may apply. Accordingly, Plaintiffs' motion must be denied.

[Signature Block on Next Page]

**CROMER BABB PORTER & HICKS, LLC**

BY:    s/Ryan K. Hicks
      Ryan K. Hicks (#11657)
      1418 Laurel Street, Suite A (29201)
      Post Office Box 11675
      Columbia, South Carolina 29211
      Phone  803-799-9530
      Fax     803-799-9533

**LAW OFFICES OF MARION M. MOSES, LLC**

BY:    s/Marion M. Moses
      Marion M. Moses (#10024)
      2909 Devine Street (29205)
      Post Office Box 5615
      Columbia, South Carolina 29250
      Phone  803-771-7011
      Fax     803-771-7022

*Attorneys for Defendant*

March 23, 2018
Columbia, South Carolina