

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| GEOFFREY RIDGEWAY and A. P., a minor, on behalf of themselves and others similarly situated,<br>          Plaintiffs,<br><br>vs.<br><br>PLANET PIZZA 2016, INC., RAVINDER S. THIARA, and JOHN ROGAN<br>          Defendants. | CIVIL ACTION NO. 3:17-cv-03064-MGL |

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION**

### I.      INTRODUCTION

Plaintiffs Geoffrey Ridgeway (Ridgeway) and A. P., a minor (collectively, Plaintiffs), bring this lawsuit against Defendants Planet Pizza 2016, Inc., (Planet Pizza) and its owners and operators, Ravinder S. Thiara (Thiara), and John Rogan (Rogan) (collectively, Defendants). Plaintiffs filed their complaint on behalf of themselves and other similarly situated current and former employees of Defendants complaining of violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, and the South Carolina Payment of Wages Act (SCPWA), S.C. Code Ann. §41-10-10. They seek payment of what they claim to be unpaid overtime compensation, unpaid minimum wages and unpaid wages.

The Court has federal-question jurisdiction over the FLSA claims under 28 U.S.C. § 1331 and supplemental jurisdiction over the SCPWA claims pursuant to 28 U.S.C. § 1367. Pending

before the Court is Plaintiffs' motion for conditional certification as to their FLSA claims in accordance with 29 U.S.C. § 216(b). Having considered Plaintiffs' motion, Defendants' response, Plaintiffs' reply, the record, and the relevant law, the Court will grant Plaintiffs' motion for conditional certification.

## II.     FACTUAL AND PROCEDURAL HISTORY

Ridgeway and A.P. are former employees of Defendants. They worked at Planet Pizza in Columbia, South Carolina in or around June 2017 through August 2017.    According to Plaintiffs, they "and other similarly situated employees of the Defendants worked in a variety of positions for the Defendants, including manager, assistant manager, server, dishwasher, cook, maintenance, cashier, and hostess." Complaint ¶ 1.

Defendants allegedly violated Plaintiffs' rights "under both the FLSA and the SCPWA . . . [by] taking improper tip credits, taking portions of the employees' tips, failing to pay them wages as promised, failing to pay them wages when due, failing to pay a minimum wage, and failing to pay overtime compensation." *Id*.

After Plaintiffs filed their complaint and Defendants filed their answer, Plaintiffs filed this motion for conditional certification as to their FLSA claims.

## III.     CONTENTIONS OF THE PARTIES

Plaintiffs maintain all of Defendants' current and former employees are similarly situated to them; their proposed notice is fair and adequate; Plaintiffs should be allowed to mail their notice to all current and former employees of Defendants; those who receive the notice should be given ninety

days to opt into the lawsuit, and Plaintiffs' proposed limited discovery is essential to ensure timely notice.

Defendants counter Plaintiffs have failed to meet their burden of establishing they are similarly situated to the putative collective action group and that they are entitled to conduct limited pre-certification discovery to test Plaintiffs' assertion. Defendants also claim Plaintiffs' proposed notice is defective and Plaintiff's proposed ninety-day opt-in period is too long and should be reduced.

### IV.     DISCUSSION AND ANALYSIS

#### *A.     General Background*

The collective action provision of the FLSA, 29 U.S.C. § 216(b), provides:

> An action to recover [for the FLSA violations set forth in this lawsuit] may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). "Because trial court involvement in the notice process is inevitable in cases with numerous plaintiffs where written consent is required by statute, it lies within the discretion of a district court to begin its involvement early, at the point of the initial notice, rather than at some later time." *Kleiner v. First Nat'l Bank of Atlanta*, 751 F.2d 1193, 1201–03 (11th Cir. 1985).

"A collective action under the Fair Labor Standards Act (FLSA) differs from a class action under Federal Rule of Civil Procedure 23 because potential plaintiffs can join an FLSA collective action only by affirmatively giving consent in writing to become a party." *Degidio v. Crazy Horse Saloon & Rest. Inc*, 880 F.3d 135, 137 n.1 (4th Cir.) (citing 29 U.S.C. § 216(b)). "In a class action, by contrast, plaintiffs are presumed to be members of a class unless they affirmatively opt out of the class proceeding." *Id.* (citing Fed. R. Civ. P. 23(b)(3)).

The Fourth Circuit has failed to provide clear guidance on the standard district courts should apply to motions seeking certification of a collective action under § 216(b) of FLSA. The Supreme Court, however, has opined district courts "have discretion, in appropriate cases, to implement [§216(b)] . . . by facilitating notice to potential plaintiffs" of the pendency of the action and of their opportunity to opt-in as represented plaintiffs. *Hoffmann–La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989).

When the district courts of the Fourth Circuit have been faced with determining whether to exercise this discretion in an "appropriate case," they appear to have coalesced around a two-step method, one the Court thinks is sensible. *See, e.g., Long v. CPI Sec. Sys., Inc.*, 292 F.R.D. 296, 298–99 (W.D.N.C. 2013); *Butler v. DirectSAT USA, LLC*, 876 F. Supp. 2d 560, 566 (D. Md. 2012); *Choimbol v. Fairfield Resorts, Inc.*, 475 F. Supp. 2d 557, 562–63 (E.D. Va. 2006).

"At the first stage, the court makes a preliminary determination whether to conditionally certify the [action] based upon the limited record before the court." *Long*, 292 F.R.D. at 298. "Consistent with the underlying purpose of the FLSA's collective action procedure, this initial inquiry proceeds under a fairly lenient standard and requires only minimal evidence. *Id*. (citation

4

omitted) (internal quotation marks omitted).   In fact, "[t]he standard for conditional certification . . . requires nothing more than substantial allegations that the putative [collective action] members were together the victims of a single decision, policy, or plan." *Romero v. Mountaire Farms, Inc*., 796 F. Supp. 2d 700, 705 (E.D.N.C. 2011) (citation omitted) (internal quotation marks omitted). "The primary focus in this inquiry is whether the potential plaintiffs are similarly situated with respect to the legal and, to a lesser extent, the factual issues to be determined." *Long*, 292 F.R.D. at 298-99 (citation omitted) (internal quotation marks omitted). "If the [action] is conditionally certified, the court typically authorizes plaintiffs' counsel to provide the putative [collective action] members with notice of the lawsuit and their right to opt-in." *Id*. at 299.

"The court proceeds to stage two if the defendant files a motion for decertification, usually after discovery is virtually complete." *Id*. "Accordingly, throughout the second stage, courts apply a heightened fact specific standard to the 'similarly situated' analysis." *Id*. "Upon a determination that the plaintiffs established the burden of proving they are 'similarly situated,' the collective action proceeds to trial." *Id*. "On the contrary, if the court determines that the plaintiffs are in fact, not 'similarly situated,' the [collective action] is decertified and the original plaintiffs may proceed on their individual claims." *Id*.

### B.     *Whether Plaintiffs and Current and Former Employees are Similarly-Situated*

Turning now to the parties' contentions, Plaintiffs state all of Defendants current and former employees are similarly situated to them. Defendants, however, maintain Plaintiffs have failed to show the employees are similarly situated and they are entitled to conduct limited pre-certification discovery to test Plaintiffs' similarly-situated assertion.

5

As noted above, "[t]he standard for conditional certification . . . requires nothing more than substantial allegations that the putative [collective action] members were together the victims of a single decision, policy, or plan." *Romero*, 796 F. Supp. 2d at 705 (citation omitted) (internal quotation marks omitted). Plaintiffs rely on Ridgeway's affidavit to meet this requirement.

According to Ridgeway, he "was employed by Defendants to help set up for the opening of the Planet Pizza restaurant . . . After the restaurant opened in early July 2017, [he] served as its manager for several weeks." Ridgeway's Affidavit ¶ 4. He states he was responsible for, among other things, "finding and hiring other employees to help set up the space and to work as cooks, servers, bartenders, and cleaning staff after the restaurant opened." *Id*. ¶ 5. Ridgeway attests he "was responsible for . . . supervision of approximately fifteen to twenty other employees. Those employees answered to [him] and to the company's owners Ravinder Thiara and John Rogan." *Id*. ¶ 4.

Ridgeway states the following: "[t]he first week [he] worked approximately 120 hours. When [he] asked about being paid for that time, Mr. Thiara pulled $250 in cash out of his wallet. [He] protested the shortfall but was told that was all [he] could pay me at the time and that he would take care of me the next week. He made the 'next week' promise repeatedly over time." *Id*. ¶ 7. "In June, July, and early August[,]" Ridgeway claims he "regularly worked over 100 hours a week." *Id*. ¶ 16. He maintains "[b]etween June and August, [he] was paid cash three times and received two checks [but that] [n]one of those payments came close to paying the rate promised or hours worked." *Id*.

Further, according to Ridgeway, "Mr. Thiara said early in [his] employment . . . and the others that no matter how many hours [they] had already worked, [they] would not be paid for more than thirty hours. He explained that they were broke and not making enough money to make payroll." *Id*. ¶ 9.

6

Ridgeway asserts he "was witness to Mr. Thiara and Mr. Rogan doing the same thing with other employees." *Id.* ¶ 10.  Ridgeway says he is "familiar with what the other employees were paid while [he] was employed in June, July, and August, and they were all shorted pay, both rate and hours worked[,]" *id.* ¶ 17, and he provides several specific examples, *id.* ¶¶ 10-15.

With these allegations, Plaintiffs have easily satisfied the lenient burden they must meet at the first stage of the certification process to show all of Defendants' current and former employees are similarly situated to them.  Nevertheless, Defendants argue Plaintiffs have neglected to present any evidence, besides Ridgeway's affidavit, of any other putative collective action members or a common policy or plan.  At this early juncture, however, the substantial allegations contained in Ridgeway's affidavit provide a sufficient basis for the Court to conditionally certify Plaintiffs' FLSA action.  It seems Defendants would have the Court to employ a "heightened fact specific standard" to its analysis." *Long*, 292 F.R.D. at 299.  But that is for the second-step, the decertification stage.  It is inappropriate during the first step, the certification stage.

Turning to Defendants' request for discovery, they claim they "should be given the opportunity to take specific, limited pre-certification discovery, including depositions of the named Plaintiffs, to test their assertion that the proposed collective action members are 'similarly situated.'" Defendants' Response to Plaintiffs' Motion 4.  According to Defendants, "[t]he allegations pled by the named Plaintiffs in the [c]omplaint, as compared to the arguments set forth in the instant motion and associated proposed [n]otice, raise significant questions as to the scope of the claims, and as to whether they are 'similarly situated' to putative opt-ins." *Id*.

In Plaintiffs' reply, they state their proposed notice fails to include all of the claims set forth in their complaint.  Therefore, they filed a corrected proposed notice, one which references all of

7

their claims. Inasmuch as it appears Defendants request for discovery was based solely on the omissions of some of Plaintiffs' claims in their original proposed notice, which Plaintiffs have now corrected, the Court will deny Defendants' request for discovery.

      **C.**      ***Whether the Proposed Notice is Fair and Adequate and Plaintiffs should be permitted to mail the notice to all current and former employees of Defendants, who would have ninety days to opt in***

According to Plaintiffs, their proposed notice is fair and adequate; and they should be allowed to mail the notice to all current and former employees of Defendants, who would be given ninety days to opt in. Defendants, however, argue Plaintiffs' proposed notice is defective. Defendants also argue Plaintiff's proposed ninety-day opt-in period is too long and should be reduced.

The FLSA opt-in requirement "seeks to balance employees' interest in pooling resources to bring collective actions and employers' interest in reducing baseless lawsuits." *Degidio*, 880 F.3d at 143–44. "[T]o strike this balance, district courts must be able to supervise contacts between the parties and their respective counsel to ensure that potential plaintiffs are not misled about the consequences of joining a [collective action] in an ongoing employment dispute." *Id*. at 144. "The district court's supervisory role helps to ensure that employees receive accurate and timely notice so that they can make informed decisions about whether to participate." *Id*. (citation omitted) (internal quotation marks omitted) (alterations omitted).

"The sole consequence of conditional certification is the sending of court-approved written notice to employees, who in turn become parties to a collective action only by filing written consent with the court, § 216(b)." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013). "Whatever significance 'conditional certification' may have in § 216(b) proceedings, it is not tantamount to class certification under Rule 23." *Id* at 78.

The proposed notice Plaintiffs filed with their motion states it concerns the right of the recipient of the notice "to join a lawsuit seeking to recover unpaid overtime compensation." Plaintiff's Motion 1, Exhibit 1. Defendants argue the notice is defective inasmuch as it refers only to Plaintiffs' unpaid overtime compensation claims but fails to refer to Plaintiffs' other claims.

Plaintiffs maintain they have remedied the omission in the amended notice they filed with their reply. But, even in the amended proposed notice, although the body of the notice appears to have been corrected, the subject line incorrectly refers only to the "right to join a lawsuit seeking to recover unpaid overtime compensation[.]" Plaintiff's Reply, Exhibit 1.

Although the Court will grant Plaintiffs' motion for conditional certification, it will require: (1) Plaintiffs make the modification mentioned above, and (2) the parties file with the Court a proposed notice that they consent to as proper. Once the parties have filed the proposed notice and the Court has approved it, Defendants will be allowed to mail the notices to all Defendants' current and former employees. *See Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1261 n.40 (11th Cir. 2008) ("District courts following the two-step . . . approach should treat the initial decision to certify and the decision to notify potential collective action members as synonymous.").

Defendants maintain the ninety-day time period for potential collective action members is too long and should be shortened. Although "[n]otice periods may vary, . . . numerous courts around the country have authorized ninety day opt-in periods for collective actions." *Butler, LLC*, 876 F. Supp. 2d at 575. The Court declines to depart from the collective wisdom of these other courts that have approved a ninety-day opt-in time period.

### D.     *Whether Plaintiffs are Entitled to Discovery*

Plaintiffs ask the Court "require Defendant[s] to produce a list containing the names, addresses, email addresses and telephone numbers of all potential opt-in plaintiffs in the manner in

9

which it regularly maintained these records so that these potential parties to this action can receive notice of this action." Plaintiffs' Motion 3. Defendants fail to address this request in their response. Consequently, they have waived any argument they might have in opposition to the request.

Further, the discovery Plaintiffs seek is "relevant to the subject matter of the action and . . . there [is] no grounds to limit the discovery under the facts and circumstances of this case." *Hoffmann*, 493 U.S. at 170. Therefore, the Court will grant Plaintiff's request.

### V.     CONCLUSION

Based on the foregoing discussion and analysis, Plaintiffs' motion for conditional certification is **GRANTED**; their request for discovery regarding Defendants' current and former employees is **GRANTED**; and Defendants' request for pre-certification discovery is **DENIED**.

Not later than seven days after the entry of this Order, the parties shall conference and submit (1) a proposed consent amended scheduling order, and (2) a proposed consent notice, which includes a ninety-day opt-in period.

**IT IS SO ORDERED**.

Signed this 21st day of February, 2019, in Columbia, South Carolina.

                                                    s/ Mary Geiger Lewis
                                                    MARY GEIGER LEWIS
                                                    UNITED STATES DISTRICT JUDGE